## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, ex. rel., W.A. DREW EDMONDSON, ATTORNEY GENERAL OF OKLAHOMA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-09-945-M |
| BP AMERICA INC., BP CORPORATION NORTH AMERICA INC., BP PRODUCTS NORTH AMERICA INC. and BP AMERICA PRODUCTION COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Plaintiff's Opening Motion to Remand and Supporting Memorandum of Authorities [docket no. 33], filed September 18, 2009. On October 6, 2009, defendants filed their response, and on October 19, 2009, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

### I.   INTRODUCTION

This action, which commenced in the District Court of Cleveland County, arises from plaintiff's allegations of defendants' unfair and deceptive acts in manipulating the commodities markets with the effect of increasing prices in Oklahoma for propane, all in violation of the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, § 752, et seq. On August 26, 2009, this action was removed to this Court pursuant to provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332. Plaintiff now moves to remand the case to the District Court of Cleveland County, State of Oklahoma.

II.   STANDARD OF REVIEW

It is axiomatic that "the party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the Court's diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Furthermore, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted).

III.   DISCUSSION

Defendants' sole basis for removal is the CAFA which requires: (1) the case is in substance a "mass action" as defined by the statute; (2) the parties are diverse; and (3) an amount in controversy greater than $5,000,000. *See* 28 U.S.C. § 1332. Plaintiff asserts, however, this case is a *parens patriae* action rather than a "mass action" and, therefore, this case was improperly removed.

For purposes of CAFA, a "mass action means any civil action in which monetary claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact..." 28 U.S.C. § 1332(d)(11)(B)(i) (parenthetical omitted). Excluded from the term "mass action" is any civil action in which "all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action...." 28 U.S.C. § 1332(d)(11)(B)(ii)(III).

Section 756.1(A) of the Oklahoma Consumer Protection Act authorizes the Attorney General to bring suit:

1. To obtain a declaratory judgment that an act or practice violates the Consumer Protection Act;
2. To enjoin, or to obtain a restraining order against a person who has violated, is violating, or is likely to violate the Consumer Protection Act;
3. To recover actual damages and, in the case of unconscionable conduct, penalties as provided by this act, on behalf of an aggrieved consumer, in an individual action only, for violation of the Consumer Protection Act; or
4. To recover reasonable expenses and investigation fees.

Okla. Stat. tit. 15, § 756.1(A).

A *parens patriae* action is a case where "the State...articulate[s] an interest apart from the interests of particular private parties, *i.e.*, the State must be more than a nominal party. The State must express a quasi sovereign interest." *Snapp & Sons, Inc. v. Puerto Rico, ex rel.*, 458 U.S. 592, 607 (1982). These quasi sovereign interests fall into two general categories: (1) the State's interest in the health and well-being, both physical and *economic*, of its residents in general and (2) the State's interest in not being discriminatorily denied its rightful status within the federal system. *Id*.

In this case, plaintiff asserts the State has a quasi sovereign interest to enforce the economic well-being of its residents in general. As plaintiff contends, this case was not brought on behalf of any one citizen; instead this case was brought by the State in a *parens patrie* capacity to protect the integrity of Oklahoma markets and to enforce the civil penalties and fortfeiture provisions of the Oklahoma Consumer Protection Act. For similar reasons, the Court agrees.

Having reviewed the parties' submissions, the Court finds that the instant case is not a "mass action" as defined by CAFA, but rather is a *parens patrie* case. Specifically, the Court finds that the Oklahoma Consumer Protection Act provides enforcement mechanisms, not available to any

particular citizen of Oklahoma, which allows the State to vindicate public rights in its quasi sovereign capacity. This makes the State more than a nominal party to this action. Clearly, the State has an interest in protecting the integrity of the marketplace for propane, and consequently, the Court finds this is "a matter of grave public concern in which the State, as representative of the public, has an interest apart from that of the individuals affected." *Id.* at 605. Because defendants have not met their burden of establishing that the requirements for the exercise of federal jurisdiction are present, the Court finds this matter was improperly removed and should be, and hereby is, remanded to the District Court of Cleveland County, State of Oklahoma.

IV.   CONCLUSION

Accordingly, the Court GRANTS the instant motion to remand and REMANDS the instant action to the District Court of Cleveland County, State of Oklahoma.

**IT IS SO ORDERED this 29th day of October, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE