FILED
United States Court of Appeals
Tenth Circuit

July 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STATE OF OKLAHOMA, ex rel.,
W.A. DREW EDMONDSON,
Attorney General of Oklahoma,

    Plaintiff - Appellee,

v.

BP AMERICA, INC.; BP
CORPORATION NORTH AMERICA,
INC.; BP PRODUCTS NORTH
AMERICA, INC.; and BP AMERICA
PRODUCTION COMPANY,

    Defendants - Appellants.

Nos. 09-705 & 10-6171
(D.C. No. 5:09-CV-00945-M)
(W.D. Okla.)

---

**ORDER**

---

Before **BRISCOE,** Chief Judge, **TACHA** and **GORSUCH,** Circuit Judges.

---

In an opinion issued separately today in case no. 09-705, the court granted the petitioners' "Petition for Leave to Appeal an Order of Remand." Within 10 days from the date of this order, the petitioners, now appellants, shall pay the filing and docketing fees for an appeal into the district court. Fed. R. App. P. 5(d)(1)(A). The clerk is directed to open a new appellate docket for the appeal.

Within two business days of the date the parties shall file entries of appearance. The notice of record completion must be filed by the district court within seven days of this order.

Under 28 U.S.C. § 1453, once the court of appeals accepts an appeal of the remand order, the court must render judgment within 60 days. Given the statutory time constraint, we order expedited briefing on the following schedule: Appellants' opening brief and appendix to be filed within three days after the notice of record completion is filed; Appellee's answer brief to be filed within three days after Appellants' opening brief is served; and Appellants' reply brief to be filed within one day after Appellee's answer brief is served.

If, however, "all parties to the proceeding agree to" extend the period for our decision to a total of 180 days, briefing will proceed as follows: Appellants' opening brief and appendix to be filed within twenty days after the notice of record completion is filed; Appellee's answer brief to be filed within twenty days after Appellants' opening brief is served; and Appellants' reply brief to be filed within five days after Appellee's answer brief is served. 28 U.S.C. § 1453(c)(3)(A); *see Greenwich Fin. Servs. Distressed Mortgage Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 n.1 (2d Cir. 2010). The parties are directed to inform the court, in writing, whether they agree to this extension within two business days of the date of this order.

Regardless of which briefing schedule is adopted, no extensions of time from the briefing schedule shall be permitted.

In their briefing, the parties may raise any other arguments they wish, but they should also address the following questions:

a. A "mass action" is "any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). When we attempt to determine if there are 100 or more plaintiffs, should we count the named parties only?

   i. If so, how can we reconcile that approach with the "rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy"? *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462 n.9 (1980); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005).

   ii. If not, and we (or the district courts) need to determine who the real parties in interest are (and how many of them there are), how should that be accomplished? With an evidentiary hearing? Would the same mechanism apply to determine whether an individual (unnamed) plaintiff satisfied the jurisdictional requirement under § 1332(a), as required by subsection (d)(11)(B)(i)? And how would that comport with the admonition that "administrative simplicity is a major virtue in a jurisdictional statute." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010)?

   iii. If there are 100 or more real parties in interest who are not listed in the pleading, is there federal jurisdiction under CAFA, or is the pleading merely defective? *See Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 434-35 (5th Cir. 2008) (Southwick, J., dissenting).

b. A mass action "shall not include any civil action in which . . . all of the claims in the action are asserted on behalf of the general public

- 3 -

      (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action." 28 U.S.C. § 1332(d)(11)(B)(ii)(III). Does this provision overlap with *parens patriae* doctrine, or does it refer only to state statutes allowing for so-called private attorney general suits? If the former, why would the provision be necessary, since *parens patriae* suits already require remand for lack of diversity?

c.     If we must conduct the real party in interest analysis, should we proceed claim-by-claim (and determine the real party in interest for each), or should we make one determination about the suit as a whole? What should we do if the relevant state statutes grant the Attorney General an exclusive right to pursue some (but not all) of the prayed-for remedies?

d.     How does the Attorney General's unjust enrichment claim affect any claims that individual Oklahoma consumers might be able to pursue in the future? If BP's profits were disgorged to the State, could the individual consumers who were harmed still recover on an unjust enrichment theory?

e.     Is there anything to prevent the Attorney General from giving any money damages he might collect to the propane purchasers whom BP asserts are the real parties in interest?

f.     Would it be permissible to remand this case to the federal district court for additional factfinding to assist our jurisdictional determination, or would the district court be without jurisdiction under 28 U.S.C. § 1447(c)?

So ordered.

                                    Entered for the Court,

                                    ELISABETH A. SHUMAKER, Clerk